IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN OKECHUKWU CAUDLE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  26-4746 |
| | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**MURPHY, J.**                                                                               **July 14, 2026**

Currently before the court is a complaint filed by *pro se* plaintiff Allen Okechukwu

Caudle.  For the following reasons, the court will dismiss the complaint.

### I.      FACTUAL ALLEGATIONS

Mr. Caudle, who represents that he lives in Huntsville, Alabama, brings this action

against the Social Security Administration and John Doe Defendants.  DI 2 at 1.[1]  He asserts that

"[t]his is a federal civil action for employment discrimination, retaliation, denial or interference

with Social Security number rights, denial or interference with employment benefits, failure to

correct records, failure to perform legal obligations, failure to comply with agreements,

declaratory relief, injunctive relief, and a writ in the nature of mandamus."  *Id.*  However, Mr.

Caudle fails to describe any events giving rise to his alleged claims.  *See generally id.* at 1-15.

### II.     STANDARD OF REVIEW

Because Mr. Caudle has been granted *in forma pauperis* status, 28 U.S.C. §

1915(e)(2)(B) requires the court to screen the complaint and dismiss it if it is frivolous,

---

[1] The court adopts the pagination supplied by the CM/ECF docketing system to the pleadings in this case.

malicious, or fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.* (citation modified).  "A complaint plainly abusive of the judicial process is properly typed malicious."  *Hurst v. Counselman*, 436 F. App'x 58, 61 (3d Cir. 2011) (citation modified).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  The court construes the allegations of a *pro se* complaint liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).[2]

---

[2] Additionally, every complaint must comply with Federal Rule of Civil Procedure 8.  *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  In determining whether a pleading meets Rule 8's "plain" statement requirement, a court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (quotation marks and citation omitted).  In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. U.S. of Am. by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citation modified). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93 (citation modfied).

### III.   DISCUSSION

Mr. Caudle's complaint fails to set forth a plausible basis for a claim.  He references various federal employment-based statutes throughout the complaint, *see generally* DI 1 at 1-15, and asserts that the Social Security Administration "subjected him to employment discrimination and retaliation," *see id.* at 2.  Notably, Mr. Caudle does not allege that he was ever employed by the Social Security Administration.  *Id.* at 1-15.  Mr. Caudle's complaint simply fails to present any factual allegations from which employment discrimination could reasonably be inferred.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly,* 550 U.S. at 557).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the *Iqbal* and Rule 8 pleading standard.  *See id.* (citing *Twombly*, 550 U.S. at 555).  "[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citation omitted).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Thus, when reviewing a complaint to determine whether a plaintiff has alleged a plausible claim, a court must "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)); *see also Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (stating that a court will

"disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements" (citation omitted)).  Mr. Caudle's complaint is replete with legal assertions, which the court need not accept, and contains a dearth of factual allegations.  *See Def. Distributed v. Att'y Gen. of N.J.*, 167 F.4th 65, 85 (3d Cir. 2026) ("Setting aside . . . [the] conclusory allegations, . . . [the] complaint is left with nothing sufficient to assess whether there is a plausible entitlement to relief.").  Accordingly, the complaint will be dismissed.  *See Kerr v. County of Allegheny*, No. 25-1775, 2026 WL 1068204, at \*3 (3d Cir. Apr. 20, 2026) (affirming dismissal of discrimination claims where "there were no factual allegations for the District Court to construe in [plaintiff's] favor, only conclusory allegations which it need not accept" (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)); *Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at \*3 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## IV.   CONCLUSION

For the foregoing reasons, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Mr. Caudle will be given leave to file an amended complaint.

As we have noted previously, the court is aware that Mr. Caudle is a serial filer in the federal court system and has been adjudicated a vexatious litigant.  In September 2022, the United States District Court for the Northern District of Alabama issued a permanent, pre-filing injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), against Mr. Caudle after he commenced fifty-six frivolous and non-meritorious cases in that District in less than one year.

*See Caudle v. Department of Defense*, Civ. A. No. 22-699 (N.D. Ala.), DI 23 (Order dated Sept. 23, 2022).  The injunction was imposed due to the "frequency, intensity, and frivolity" of Mr. Caudle's filings and enjoins him "from serving or filing new actions or other legal documents without pre-service or pre-filing leave of court."  *Id.* at 28, 30.  Specifically, to file a new action in any federal court, Mr. Caudle must: (1) either pay the full filing fee or file a motion to proceed *in forma pauperis* with an affidavit indicating the most recent denial of a motion to proceed *in forma pauperis*; (2) post a $1,000 bond; (3) file a motion requesting leave to file the action, accompanied by a copy of the injunction, an affidavit attesting to whether the claim has been raised in a prior filing, and a list of all prior lawsuits against the named defendant; and (4) if Mr. Caudle is granted leave to file the complaint, each defendant in the case must be served with a copy of the complaint and the documents specified in the September 23, 2022 Order.  *See id.* at 33-35.  The pre-filing injunction imposed by the United States District Court for the Northern District of Alabama remains in effect.  *See, e.g.*, *Caudle v. United States Postal Service*, Civ. A. No. 26-727 (N.D. Ala.), DI 13 (Order dated June 15, 2026, dismissing case filed by "next friend, advocate and POA for Allen Caudle" in United States District Court for Middle District of Georgia that was transferred pursuant to 28 U.S.C. § 1406(a) to Northern District of Alabama because it was in violation of the September 23, 2022 Order).  Other district courts have applied the September 23, 2022 injunction to Mr. Caudle's filings.  *See, e.g., Caudle, et al., v. The City of Madison, AL, et al.*, Civ. A. No. 26-493 (C.D. Cal.), DI 30 (recommending dismissal of case and application of September 23, 2022 Order) and DI 33 (adopting report and recommendation); *Caudle v. United States of America, et al.*, Civ. A. No. 25-5087 (N.D. Ga.), DI 4 (October 2, 2025 Order *sua sponte* dismissing case for failure to comply with September 23, 2022 injunction).

In the last week, Mr. Caudle initiated five cases in the Eastern District of Pennsylvania, including the case at bar.  *See Caudle v. Rentokil North America Inc.*, Civ. A. No. 26-4710 (E.D. Pa.); *Caudle v. Brookside Properties Inc.*, Civ. A. No. 26-4751 (E.D. Pa.); *Caudle v. Blue Inc.*, Civ. A. No. 26-4754 (E.D. Pa.); *Caudle v. MBMO Trucking Inc.*, Civ. A. No. 26-4815 (E.D. Pa.). Mr. Caudle did not comply with the terms of the September 23, 2022 injunction when submitting his filings to this court.  Additionally, in each case, Mr. Caudle fails to provide a plausible basis for jurisdiction and venue in this District and he includes numerous frivolous and nonsensical motions, including baseless requests to file documents under seal.  Mr. Caudle submitted his filings using this court's Electronic Document Submission ("EDS") tool.  As explained on the Eastern District of Pennsylvania's website, EDS is a "service that may be used by self-represented litigants without CM/ECF privileges for filing a new civil case or for filing documents in existing civil, criminal or miscellaneous cases, as an alternative to mailing or bringing the document to the courthouse."  *See* https://www.paed.uscourts.gov/pro-se/pro-se-eds (last accessed July 14, 2026).  Using EDS to submit documents to the court is a privilege, not a right.  *Id.*  It may be revoked at any time if abused.  *Id.*  Mr. Caudle's numerous, frivolous filings are a burden on this court.  Because of this burden, the privilege of using EDS to submit documents to the United States District Court for the Eastern District of Pennsylvania is revoked. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (stating that courts have inherent power to impose an appropriate sanction for conduct which abuses the judicial process); *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (quotation marks and citation omitted)); *see also City of Philadelphia v. Bradley*, No. 24-1210 (3d Cir.), DI 118 (directing Clerk of Court to terminate

appellant's electronic filing privileges due to abuse of the system by excessive filings and stating that no further submissions relative to that appeal would be accepted, docketed, or responded to). **Further, Mr. Caudle is warned that if he files frivolous, meritless, or repetitive lawsuits in this District, he may be subject to sanctions, including a prefiling injunction prohibiting him from proceeding *in forma pauperis* in future lawsuits, with limited exceptions.**